# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>JAMAR LEROY HENDERSON<br>    Debtor | Case No. 24-13531-pmm |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004-FM2 ASSET BACKED PASS-THROUGH CERTIFICATES<br>    Movant | Chapter 13 |
| vs.<br>JAMAR LEROY HENDERSON<br>    Respondent | 11 U.S.C. §362 |

**APPLICATION PURSUANT TO 11 U.S.C. 362(J) FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY WAS NOT IN EFFECT AT THE TIME OF FILING OF THE CURRENT BANKRUPTCY CASE.**

Applicant, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004-FM2 ASSET BACKED PASS-THROUGH CERTIFICATES (hereinafter referred to as "Movant") by its attorneys, Brock and Scott PLLC, hereby requests an Order pursuant to 11 U.S.C. §362(j) confirming that the Automatic Stay was not in effect on the date the Debtor filed the current Bankruptcy Case and as such, Applicant may proceed with their State Court rights and remedies regarding the property located at 5049 N. 16th Street, Philadelphia, Pennsylvania 19141.

1. Debtor, Jamar Henderson, is the owner of the premises located at 5049 N. 16th Street, Philadelphia, Pennsylvania 19141 hereinafter known as the mortgaged premises.

2. Movant is the holder of a mortgage on the mortgaged premises.

3. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

4. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

5. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

6. Debtor filed the instant bankruptcy case, No. 24-13531-pmm, on September 30, 2024. A copy of the Docket is attached hereto as Exhibit "A".

7. At the time that the current bankruptcy case was filed, the Debtor had two (2) prior bankruptcy cases pending within the previous twelve (12) months.

8. Bankruptcy No. 23-12680 was filed on September 7, 2023. A copy of the Docket is attached hereto as Exhibit "B".

9. On March 26, 2024 Bankruptcy No. 23-12680 was dismissed for debtor's failure to to appear at the Meeting of Creditor's and make timely payments to the Trustee.

10. Debtor then filed another Chapter 13 Bankruptcy Petition Docketed as No. 24-12261 on July 1, 2024. A copy of the Docket is attached hereto as Exhibit "C".

11. On August 7, 2024 Bankruptcy No. 24-12261 was dismissed for failure to file missing documents.

12. The Debtor filed the current case on September 30, 2024.

13. Pursuant to 11 U.S.C. § 362(c)(4), "If a single or joint case is filed by or against debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, …, the stay under subsection (a) shall not go into effect upon the filing of the later case". (emphasis added)

14. Due to the fact that the current case was the Debtor's third active bankruptcy case within twelve (12) months when the case was filed there was no stay in effect.

15. If the Debtor wanted to impose the stay he could have and should have filed a Motion to Impose the Automatic Stay, see 11 U.S.C. §362(c)(4)(B), since the Automatic Stay did not go into effect immediately at the time of the filing of the current bankruptcy case, there is no stay in place as of the filing of this Application.

16. As the date of this Application the Debtor has never file a Motion to Impose the Automatic Stay.

17. Since no Motion to Impose the Automatic Stay was filed within the required 30 days there is currently no stay in place against either Applicant.

18. Applicants request an Order confirming that as of the filing date (September 30, 2024) there was no stay in effect.

**WHEREFORE**, Applicant respectfully requests that this Court enter an Order pursuant to 11 U.S.C. §362(j) confirming that there was no Automatic Stay in effect at the time of filing, that the automatic stay as provided by 11 U.S.C. §362(a) is not currently in effect in this Bankruptcy case with regard to either Applicant, and that any Motion to Extend the Automatic Stay would be moot.

Date: November 14, 2024

*/s/Andrew Spivack*
Andrew Spivack, PA Bar No. 84439
Matthew Fissel, PA Bar No. 314567
Mario Hanyon, PA Bar No. 203993
Ryan Starks, PA Bar No. 330002
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com